## MATHEWS, ADMINISTRATOR, v. BENSEL ET AL.

1. In an action for injuries received in the manufactory of the defendants, the general allegation that plaintiff was lawfully on the premises is sufficient to show that he was not a trespasser. The facts from which such right proceed need not be stated.

2. But such general allegation will not show that he was there with greater right than that of a mere licensee.

3. A manufacturer or other owner is not bound to fence his dangerous machinery in favor of a simple licensee. On that ground, the count held insufficient.

This suit was under the act giving actions in case of death having resulted from neglects, &c.

The following facts were set out in declaration: That the defendants were engaged in the manufacture of machinery and machine tools in East Newark, and, at time of injury, were engaged in planing a large casting on a planer; that this planer consisted of a stationary bed on which was a table which, when in operation, moved back and forth on the bed and across an open space, and into and through a brick wall in which there were supports to keep it from sagging; that this planer was a dangerous machine, and that it was the defendants' duty to have it guarded and operated with the greatest care and caution, and which it is alleged they did not do. Then follows the statement of the injury, in these words, viz.: That thereupon, to wit, on the 1st day of November, 1886, at the said township of Harrison, in the county of Hudson and State of New Jersey, to wit, at Trenton, to wit, at Newark, in the county of Essex, the said Aaron Polhemus was lawfully in the said works, and upon the premises aforesaid of the said defendants, in the said township of Harrison, as he had a perfect right to be; and while in said works and upon said premises as aforesaid, being in the space or passageway between the end of said planer and the brick wall aforesaid, and being there engaged in a lawful and proper pursuit, by reason of the fault, negligence and want of proper care and

caution on the part of defendants, their servants, workmen and employes, and by reason of the failure of the defendants carefully to construct, guard, inspect or operate the said planer, or to provide reasonable or proper means, appliances, attachments or erections upon, about or near, or in connection with said planer, or to erect, maintain or operate said planer in a safe or proper place or manner, or to use said planer in such manner, or in or about the planing of such castings, or upon such work, as that the table of said planer should not slide off its bed and project across the open space or passage-way beyond the end of said planer, and into or through the opening in said wall, and by reason of the premises aforesaid, and without any fault or negligence on the part of the said Aaron Polhemus, the table of said planer came upon said Aaron Polhemus, and caught and crushed him against the said brick wall, so that by reason thereof the said Aaron Polhemus, within a few minutes thereafter, died of his said wounds and injuries.    This declaration was demurred to.

Argued at June Term, 1888, before BEASLEY, CHIEF JUSTICE, and Justices KNAPP, MAGIE and GARRISON.

For the demurrants, *Coult & Howell.*

For the plaintiff, *Wm. R. Weeks.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.    The *gravamen* of this suit is that the plaintiff's intestate came to his death by the negligence of the defendants.    The deceased was in the manufactory of the defendants, and while there, by the movement of a machine in ordinary operation, received the hurt that caused his death.

The first ground of objection to the declaration is that it does not exhibit, by any statement of facts, any legal right in the plaintiff to be upon these premises at the time of the accident.

The allegation in this respect in the count is, that the deceased " was lawfully in said works, and upon the premises aforesaid, &c., as he had a perfect right to be, &c., and being there engaged in a lawful and proper pursuit," &c.

The comment upon this allegation is, that in effect it is a mere conclusion of law, and not the statement of a matter of fact; that good pleading requires that the facts themselves be shown, so that the court itself may deduce the proper legal inference.

This undoubtedly is the general rule of pleading, but like most other similar rules it has its reasonable limitations. If the allegation had been that the deceased was there as an employe in the service of the defendants, such statement might with truth be claimed to be the expression of an opinion, for the fact whether the *status* alleged really existed depends on the existence of a set of facts which were not disclosed. The legality of the presence of the intestate on these premises is averred as a fact, and it is not necessary for the plaintiff to set forth the evidence of such fact. This method of pleading is the ordinary course, as appears from many examples in the reports, as in *Firth* v. *Thrush,* 8 *Barn. & C.* 387, where the declaration simply averred that the drawer of a bill of exchange " had notice of its non-payment," and the court said that certain special circumstances, which were proved, showed a valid notice, and that it was sufficient in the pleading to state the " legal effect " of such facts.

In *Eaton* v. *Southey, Willes* 131, it was resolved that when the question was whether wheat, after it had been cut, was suffered to be on the ground " a reasonable time," it was sufficient in the pleading to allege generally that fact, and Mr. Stevens, in his valuable treatise, remarks that this restricted principle is one of great importance, preventing " that minuteness and prolixity of detail in which the allegations under other systems of judicature are involved." *Stevens Pl.* 346. And Mr. Chitty recognizes the rule as elementary, though sometimes difficult in its application.

In view of this rule, this declaration, with regard to this particular, appears to be unobjectionable.

But it will be observed that the allegation of a rightful presence is so general that the cause of action must appear to be such as would exist in favor of any person who was on these premises and was not a trespasser. Let us assume, then, that the deceased was in this manufactory under a mere license by the defendants—this satisfies the averment referred to—and then the question arises, Do the facts presented in the record show a cause of action in favor of a person occupying such a *status?* This question must be answered in the negative.

The substantial ground of complaint laid in the count is, that the defendants did not properly construct their planer, and, being a dangerous instrument, did not surround it with proper safeguards.

But there is no legal principle that imposes such a duty as this on the owner of property with respect to a mere licensee. This is the recognized rule. In the case of *Holmes* v. *North-eastern Railway Co., L. R.,* 4 *Exch.* 254, 256, Baron Channell says : "That where a person is a mere licensee he has no cause of action on account of the dangers existing in the place he is permitted to enter."

The case of *Bolch* v. *Smith,* 7 *Hurlst. & N.* 736, cited in the brief of counsel, is illustrative of the application of the rule. The workmen in a government dock-yard were permitted to use for their own accommodation certain paths across it. A contractor, also by permission, erected across one of these paths a revolving shaft connected with certain machinery, covering it partly with planks. The plaintiff, being one of the workmen in the yard, in going along this path, stumbled, and, putting out his hand to save himself, his arm was caught by the shaft and lacerated. The jury found that the shaft was not properly fenced, but the court refused to sustain the action, for the reason that no duty existed requiring the defendant to put a safeguard to his machinery for the protection of a simple licensee.

For a like reason, the count now in question must be deemed insufficient. The defendants were not bound to fence this machinery in favor of a licensee, and it does not appear that the plaintiff can claim that the deceased was invested with any higher right. If he was possessed of any right that entitled him to be protected against dangerous machinery, he should have stated such right in his declaration.

Nor will the allegation that the deceased was damnified by reason of the " fault, negligence and want of proper care and caution on the part of the defendants and their servants," be of avail in support of the pleading, for it is not shown in what respect or in what manner such negligence exhibited itself. It may have consisted in neglecting to fence this machinery, which, as we have seen, it was not incumbent on the defendants to do. An averment so isolated and uncircumstantial can have no legal significance.

Let the demurrer be sustained.