### CHARLES F. TAYLOR v. HADDONFIELD AND CAMDEN TURNPIKE COMPANY ET AL.

Submitted March 26, 1900—Decided June 11, 1900.

1. The averment in a declaration that the plaintiff was "lawfully driving along the turnpike road" of the defendant, is adequate to show that he was not a trespasser thereon, but it will not justify the conclusion that he was there with any greater right than that of a mere licensee.
2. The owner of lands is not chargeable with the duty of maintaining them in a safe condition with respect to a person who enters merely by his license. As to such person the landowner's only duty is to abstain from acts which are willfully injurious.

---

On demurrer to declaration.

Before DEPUE, CHIEF JUSTICE, and Justices VAN SYCKEL and GUMMERE.

For the plaintiff, *George H. Peirce.*

For the demurrant, *Charles R. Stevenson* and *Thomas E. French.*

The opinion of the court was delivered by

GUMMERE, J. The plaintiff avers in his declaration that the defendant, the Haddonfield and Camden Turnpike Company, a corporation of this state, unlawfully permitted its co-defendant, the Camden and Suburban Railway Company, to construct and operate an electric railway over its turnpike; that the construction of this railway narrowed the roadway of the turnpike to a width less than that required by the company's charter, and made it unsafe and dangerous to drive a team thereon, owing to the existence of an open and unprotected ditch, which the turnpike company maintained along the side of the roadway opposite to the car tracks. The plaintiff then avers that while he was "lawfully driving with a quiet and tractable horse, and a wagon loaded with merchandise, along the turnpike road" of the defendant, the Haddonfield and Camden Turnpike Company, and without any negligence or fault on his part, his horse became frightened by the approach of an electric motor car, which was being run over the turnpike by the defendant, the Camden and Suburban Railway Company, in a careless, negligent and improper manner, and jumped aside, and there being insufficient room on said turnpike road, caused plaintiff's wagon to be hurled into the said ditch, destroying his merchandise and injuring himself.

To the plaintiff's declaration a demurrer is interposed by the defendant, the Haddonfield and Camden Turnpike Company, on the ground that it shows no breach of any duty which the turnpike company owed to the plaintiff.

The averment in the declaration is that the plaintiff was "lawfully driving along the turnpike road" of the demurrant. Although this general allegation is adequate to show that he

was not a trespasser upon the turnpike, it will not justify the conclusion that he was there with any greater right than that of a mere licensee. *Mathews* v. *Bensel,* 22 *Vroom* 30.

The insufficiency of the declaration must therefore depend upon whether it discloses the existence of any duty owing from the demurrant to a mere licensee upon its turnpike, the failure to perform which caused the plaintiff's injury.

Two grounds of complaint are set forth—*first,* that the demurrant unlawfully permitted the Camden and Suburban Railway Company to construct its railway upon the turnpike in such manner as to make the roadway of a less width than required by the charter; and *second,* that it maintained an open and unprotected ditch along the side of its narrowed roadway; and that the narrowness of said wagonway and the presence of said ditch along its side, renders driving thereon by any person unsafe.

But neither of these allegations discloses a cause of action in favor of a simple licensee, for there is no legal principle which imposes upon the owner of lands the duty of maintaining them in a safe condition with respect to a person who enters upon them merely by the license of the owner. As to such a person the landowner's only duty is to abstain from acts which are willfully injurious. *Delaware, Lackawanna and Western Railroad Co.* v. *Reich,* 32 *Vroom* 635, and cases cited.

Nor does the statement that the acts complained of are unlawful help out the plaintiff's case. It is altogether too vague and uncircumstantial, failing, as it does, even to suggest in what particular respect they are illegal. It may very readily be that such acts are illegal, because they are violative of some provision of the company's charter, passed solely for the protection of those travelers upon the turnpike who are there by a right superior to that of a mere licensee, and who, consequently, are entitled to have the company exercise due care to maintain its turnpike in a safe condition for their use. The declaration, as we have seen, exhibits no such right in the plaintiff.

The defendant is entitled to judgment on the demurrer.