GEORGE HERBERT v. NEWARK HARDWARE AND SUPPLY COMPANY.

Argued May term, 1928—Decided June 21, 1928.

Before Justices MINTURN, BLACK and CAMPBELL.

For the prosecutor, *Joseph C. Paul.*

For the defendant, *Sara M. Lewitt.*

PER CURIAM.

By this writ an employer seeks to review a judgment in a workmen's compensation case for $490 entered in favor of the workman by the commissioner, and affirmed in the Essex Common Pleas.

The workman was ruptured while lifting a heavy stove when his fellow-worker, who was assisting him in placing the stove on a truck, let go his end, thereby throwing the entire weight of the stove upon the petitioner.

The petitioner testified that some two and one-half years previously, while working for the same employer, he was ruptured, as he says, "not so bad" on the same side; he did not submit to any operation for that injury, but wore a truss for a year, and he says "it didn't bother me." He continued working under that condition until the time of the accident now under review. He was treated for the first injury by his employer's doctor, who was not called. as a witness in this case.

The petitioner's doctor testified that a hernia could only be cured by an operation; he also testified in explanation of the fact that the petitioner worked even after discarding the truss, that "the intestine will go back up itself and will only come down again under a strain."

The employer contends that since the petitioner admitted that he had a hernia two and a half years ago, and never submitted to an operation therefor, he still had it on the date of this accident, and could not then have sustained another and distinct injury.

We think the medical testimony leads to a different conclusion, from which it may be legally inferred that the petitioner's present condition is the result of the injury he received under the circumstances stated. The result is that the judgment of the Common Pleas will be affirmed.