MICHAEL KAPROLI, BY MATRONA KAPROLI, HIS NEXT FRIEND, AND MATRONA KAPROLI, INDIVIDUALLY, APPELLANTS, v. CENTRAL RAILROAD OF NEW JERSEY, RESPONDENT.

Submitted May 26, 1928—Decided October 15, 1928.

For the respondent, *William A. Barkalow* (*De Voe Tomlinson,* of counsel).

For the appellants, *Nathaniel A. Jacoby.*

The opinion of the court was delivered by

KAYS, J.   On or about April 4th, 1925, the plaintiff, an infant four years old, was playing with other children in a vacant lot adjoining the right of way of the defendant railroad company.   A freight train was moving by over the right

of way while the plaintiff was at play and had slowed down at the particular place where the children were playing. The tracks of the railroad company ran through a cut at this particular place, which cut varied from two and one-half to eight feet in depth, and was situate in the borough of Carteret, Middlesex county, New Jersey. The plaintiff with other boys slid down the embankment on the railroad company's right of way and attempted to climb on the freight train. The plaintiff was unsuccessful in his attempt to climb upon the moving train, fell under a car, and as a result lost his left foot. It appeared from the plaintiffs' case that freight trains were compelled to slow down while passing through this cut, and that children often took advantage of this situation and climbed upon the cars. The employes of the railroad company, when they saw children climbing upon the cars or attempting to, sent them away or drove them off.

The claim of the plaintiff is based upon the theory that where a railroad company through its employes knows of the habit of these children, that knowledge is attributable to the company, and the company is bound to use reasonable care to prevent these children from trespassing on the right of way of the railroad company or attempting to climb on the cars passing over the railroad tracks on said right of way.

The trial judge considered this contention and found it without merit, thereupon directed a verdict of nonsuit.

The children when they went upon the right of way of the railroad company and attempted to climb upon the cars, or did climb upon the cars of the defendant company, were trespassers. Such being the case, the fact that they were too young to realize the danger which they thereby placed themselves in, imposed no obligation upon the defendant railroad company. Chief Justice Magie, speaking for the Supreme Court in the case of *Turess* v. *The New York, Susquehanna and Western Railroad Co.,* 61 *N. J. L.* 314, said:

"In my judgment, it follows that the liability of a railroad company to a child injured by playing on its turntable cannot arise out of a duty imposed on the company by reason of a supposed implied invitation.

"If a child is not to be deemed invited to enter a railroad company's land to play upon a turntable, it also follows that a child in doing so is either a trespasser or is there by mere permission. In neither case is any duty cast upon the land-owner, except to abstain from willful injury, and from maintaining hidden or concealed dangers."

In the case of *The Delaware, Lackawanna and Western Railroad Co.* v. *Reich,* 61 *N. J. L.* 635, Chief Justice Gummere, speaking for this court, said:

"The underlying question, upon the solution of which our decision must rest, is whether the owner of land who constructs or places upon it anything which, though necessary for its proper enjoyment, happens to be of a character which is attractive to children and at the same time dangerous to them if they yield to the attraction, thereby becomes chargeable with the duty of using reasonable care to keep them off his premises or to protect them if they enter, for it must be admitted that, unless such user creates a duty on the part of the landowner to protect the child who comes upon his premises, the neglect of which produces injury to the child, no liability rests upon him for such injury. If there is no duty in the case there can be no negligence; there cannot be such a thing as the negligent performance of a non-existent duty." * * *

"In my judgment the reasons upon which the doctrine of a landowner's liability for injuries received by children entering upon his premises is rested do not justify such a material restriction upon the full and untrammeled enjoyment of real property. On the contrary, it seems to me that the doctrine of non-liability promulgated by the line of cases last referred to is more in accord with settled principles, and should, therefore, be adopted by this court. I conclude, therefore, that there was error in submitting to the jury the question whether, under the circumstances of this case, the defendant company was chargeable with the duty of providing for the safety of the plaintiff. The trial judge should have directed a verdict for the defendant."

The rule laid down in the above cases is applicable to the case under consideration. The fact that the right of way of

a railroad company is of a character which is attractive to children, and at the same time dangerous if the children yield to such attraction, is immaterial unless the evidence justifies the conclusion that the children were playing on the railroad company's property by the invitation of such company. The railroad company is under no obligation to hire employes to keep its right of way free from children who may trespass upon it. The duty of the railroad company is to abstain from willful injury.

We are therefore of the opinion that the trial court acted properly in directing a nonsuit. The judgment of the Supreme court is therefore affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 15.

*For reversal*—None.