JOHN HARRINGTON, BY NEXT FRIEND, RESPONDENT, v.
TACO GREIDANUS, APPELLANT.

Submitted January 29, 1932—Decided May 17, 1932.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER
and CASE.

For the appellant, *Edward L. Davis.*

For the respondent, *Anard W. Littmann.*

PER CURIAM.

The appeal in this case was dismissed (157 *Atl. Rep.* 384;
9 *N. J. Mis. R.* 1340), but was reinstated and is now before
us on the merits.

There are six grounds of appeal but only the first and
second point to any judicial ruling. The others are therefore
disregarded.

Grounds 1 and 2 are that the court erred in refusing
to nonsuit and erred in refusing to direct a verdict for the
defendant. The crucial question involved is whether the in-
fant plaintiff was in the place where he was injured by in-
vitation. If not, the defendant owed him no duty of care
and, consequently, questions of negligence are not involved.
There is no suggestion of willful injury.

The plaintiff at the time of the accident was a little boy
of five years of age and was, as the jury might find, crossing
a passageway or lane running substantially at right angles
to Centre street in East Orange; and the defendant was
driving his car westerly through the lane for the purpose of
reaching the street. The local situation is about as follows:

The house in which plaintiff lived is situate on the east side of Centre street. Back of this house and occupying a tract of some two acres or so in the middle of the block was a group of individual garages owned by the defendant and rented out by him to various tenants for the accommodation of their automobiles. From this inside lot the lane in question ran westerly and south of the plaintiff's house and immediately abutting the house lot. The land over which this lane or passageway ran and on which the garages stood, was owned by the defendant, and also a small irregular shaped piece of land to the south of the lane called the grass plot. We gather from the testimony that the north side of the lane was about two feet from the plaintiff's house. The evidence tends to show that the plaintiff, and other children of the neighborhood, were accustomed to play on this so-called grass plot but there is nothing to show that it was by any invitation of the defendant. Indeed, he claimed in his testimony that they were forbidden to do so, but it was open to the jury to say that they were allowed to play there without substantial protest. At the time of the accident, the defendant was coming out with his car through the passageway, which is only some twenty feet wide or so, when the little boy came out either from the grass plot or from the side towards the house and was struck in the passageway.

The rule, of course, is well settled that even as to children of tender years on the land of another, either as trespassers or mere licensees, there is no duty of care. This is the rule laid down in our line of turntable cases, as for example, *Turess* v. *New York, Susquehanna and Western Railroad Co.*, 61 *N. J. L.* 314; 40 *Atl. Rep.* 614, and *Delaware, &c., Railroad* v. *Reich,* 61 *N. J. L.* 635; 40 *Atl. Rep.* 682. In *Kaproli* v. *Central Railroad Co. of New Jersey,* 105 *N. J. L.* 225; 142 *Atl. Rep.* 343, the evidence indicated that children were accustomed to play upon the railroad right of way which was not particularly dangerous except with regard to passing trains; and a nonsuit as against a child injured by one of these trains was affirmed by the Court of Errors and Appeals. As we have said, there is nothing in the evidence to justify the inference that the children were invited to play on the

grass plot or that the infant plaintiff was invited to cross the lane on his way thence or thither; and consequently, the case appears to be within the rule of the authorities just cited.

There is nothing in the evidence to indicate that the lane in question either was a public highway or was held out as such. The evidence is uncontradicted that the lane was the property of the defendant and that the lane itself was used simply and solely for the purpose of access to the rented garages in the rear also owned by him. Hence it was essentially a private way, used only by the defendant himself and the tenants of his garages. Consequently, the situation was much the same as that in *Scatuorchio* v. *New York, Susquehanna and Western Railroad Co.*, 10 *N. J. Mis. R.* 528.

We conclude that it was error to refuse a nonsuit or direction, and the judgment will therefore be reversed to the end that a *venire de novo* issue.