JAMES MEADE, JR., BY HIS NEXT FRIEND, JAMES MEADE. SR., AND JAMES MEADE, SR., INDIVIDUALLY, PLAINTIFFS-RESPONDENTS, v. PURITY BAKERIES CORPORATION, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT, AND JOSEPH DECKMAN, DEFENDANT-APPELLANT.

Submitted May 31, 1935—Decided October 9, 1935.

For the defendant-appellant, *William K. Flanagan* and *George L. Sachs*.

For the plaintiffs-respondents, *Harry Weltchek*.

The opinion of the court was delivered by

BODINE, J. The defendant appeals from judgments in favor of the plaintiffs. The injured party was a boy six years old. The proofs indicate that he sat on the rear step of the defendant's delivery truck and fell off while the truck was

proceeding slowly down the street. The case was tried in the District Court and on appeal the Supreme Court held that there were proofs sufficient to find liability.

It appears, however, from our examination of the record that there was no proof that the driver of the truck saw the child sitting on the rear step of the truck when he came out of the store where he had made a delivery and before he started to drive off, or for that matter at any other time before the accident occurred. The mere circumstance that a woman preceding the driver out of the store observed the child established no more than that the child was visible to her. The circumstance that the child was seen by a person not operating the vehicle does not establish a willful disregard by the operator of the vehicle of the safety of one who was a trespasser. There was no evidence whatever that the driver of the truck was conscious of the presence of the child upon his truck. He, in fact, appears to have had no knowledge of the accident until he was told about it the next day. Unless he had looked to the rear of his truck he could not have seen the child. With his mind intent upon other matters, he might well not have looked to a part of his truck which would not engage his attention until next he made a delivery. One who intends to take his place in the driver's seat may very well not look to the rear of a vehicle to see if a trespasser has taken a place upon the rear step. *Staub* v. *Public Service Railway Co.*, 97 *N. J. L.* 297.

We can see no duty upon the owner or driver of a truck to anticipate that a playful child will sit upon the rear step. Attraction or temptation is not legally equivalent to invitation. *Friedman* v. *Snare & Triest Co.*, 71 *N. J. L.* 605; *Kaproli* v. *Central Railroad of New Jersey*, 105 *Id.* 225.

"The driver of a private vehicle owes no duty to a trespasser or mere licensee thereon, except to abstain from acts willfully injurious; and that the fact that such trespasser or licensee is an infant, even of tender years, will make no difference in the application of the rule." *Faggioni* v. *Weiss*, 99 *N. J. L.* 161.

The judgment is reversed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, HEHER, DEAR, RAFFERTY, JJ.   5.

*For reversal*—THE CHANCELLOR, PARKER, BODINE, PERSKIE, VAN BUSKIRK, HETFIELD, WELLS, WOLFSKEIL, JJ.   8.