RAVEY v. HEALY.

1. AUTOMOBILES—MINORS—GUEST PASSENGERS.

In action by next friend of girl 10 years and 5 months of age at time of accident for injuries sustained when she either jumped or fell from running board of defendant's automobile, no recovery could be had on theory child was guest passenger where defendant was not charged with gross negligence or wilful or wanton misconduct (1 Comp. Laws 1929, § 4648).

2. SAME—MINORS—INVITEES—LICENSEES.

Girl, 10 years and 5 months of age at time of receiving injuries when she jumped or fell from right hand running board of defendant's automobile shortly after he had started up, *held,* neither an invitee nor a licensee where, after defendant had requested her to get off three times before starting she disappeared from his view by crouching on running board and held onto handle of right hand door. .

3. SAME—MINORS CONCEALED ON RUNNING BOARD—NEGLIGENCE.

In action by next friend of girl 10 years and 5 months of age at time of accident, defendant *held*, not guilty of actionable negligence, where he had requested her three times to get off right hand running board, contrary thereto she held onto handle of right hand door and crouched on running board thereby concealing herself in a manner wholly unanticipated and unforeseen by defendant and did not appear until he had driven about 120 feet and was traveling about 8 miles an hour, after which it is not claimed he was guilty of any negligence.

4. NEGLIGENCE—SUDDEN, UNFORESEEN AND UNANTICIPATED ACTS OF ANOTHER.

The law does not impose any duty on one person to guard against sudden, unforeseen and unanticipated acts of another.

Appeal from Gogebic; Driscoll (George O.), J. Submitted January 15, 1937. (Docket No. 96, Calendar No. 39,061.) Decided April 15, 1937.

Case by Mary Jane Ravey, an infant, by Mabel K. Ravey, her next friend, against Baillies Healy for personal injuries sustained by falling from an automobile. Judgment for plaintiff. Defendant appeals. Reversed.

*Jones & Patek* and *Leonard J. McManman,* for plaintiff.

*Ivan D. Wright,* for defendant.

NORTH, J. In this suit, tried by the court without a jury, the infant plaintiff, by her next friend, seeks to recover damages sustained in the manner hereinafter indicated. From a judgment in favor of plaintiff, defendant has appealed.

In passing upon appellant's contention that he was entitled to a judgment as a matter of law, it is necessary to review somewhat in detail the facts presented by the record. Defendant's automobile

was parked in front of his house on the south side of an east and west highway, and was headed toward the west. The infant for whom this suit was brought, and hereinafter referred to as plaintiff, was ten years and five months of age. She lived in the same neighborhood as defendant, was a playmate of defendant's daughter, and had reached the fifth grade in school. Plaintiff, defendant's daughter, and another girl, Eileen Conley, were playing in or about defendant's automobile at the time he came out to use it. When defendant entered his car, a Buick coach, plaintiff got onto the right hand running board and the Conley girl got onto the left hand running board. As defendant was about to start his car he told the girls to get off. The Conley girl obeyed, but plaintiff did not. Defendant told her a second or third time to get off. She disappeared from defendant's sight and he believed she had gotten off the running board. Instead, however, she held onto the handle of the right hand door, crouched down on the running board, and by so doing was out of defendant's sight. Thereupon defendant started his car in low gear, proceeded westerly but angling toward the north side of the street. After he had proceeded about 120 feet plaintiff rose up and looked through the glass in the right hand door. Defendant says she "giggled" at him. Plaintiff testified she asked defendant to stop but she admitted she did not know whether defendant heard her. He testified he did not hear her. The speed of the automobile had not exceeded eight miles per hour, and when defendant discovered plaintiff was still on the automobile he immediately attempted to stop his car gradually and was about to tell her not to jump. Just at this time plaintiff either jumped or fell from the running board to the pavement and sus-

tained the injuries for which she seeks to recover damages. While her injuries were somewhat serious, fortunately she had a speedy and complete recovery.

It is not claimed appellant was guilty of any negligence after he became aware plaintiff was riding on the running board of his automobile. Instead the ground upon which the right of recovery is asserted is that appellant was guilty of negligence in starting to drive his automobile without first ascertaining that plaintiff was off the running board and in a place of safety. It is not claimed that plaintiff was a guest passenger.* If such claim were made she could not recover in this action wherein defendant is not charged with gross negligence or wilful or wanton misconduct. Plaintiff was not an invitee or a licensee, because her presence on the running board was not only without the invitation or consent of defendant, but was contrary to his express direction which, without defendant's knowledge, was disobeyed by plaintiff. We think it conclusively appears from this record that defendant exercised the full degree of care required of him by law. In other words, there is no showing of conduct on his part constituting actionable negligence. Plaintiff's act in concealing herself on the side of defendant's car was wholly unanticipated and unforeseen by defendant. While it is true defendant did not know where plaintiff was at the time he started his automobile, still he did know that she was not in the path of his car. He had no reason for even a suspicion that she had concealed herself on the running board and hence, as a matter of law, he was not responsible for the unfortunate results of the child's misconduct. In principle the present

* See 1 Comp. Laws 1929, § 4648.—Reporter.

case falls within the law as set forth in a request to charge, the refusal to give which was held to be reversible error in *Czarniski* v. *Security Storage & Transfer Co.*, 204 Mich. 276, 283. We quote:

"Now, I charge you as a matter of law that if this injury and accident was due to the sudden, unanticipated and unforeseen act of this child and the defendant's agents did not know or did not have reason to anticipate that this plaintiff was going to suddenly run under the back of the wagon, she cannot recover in this case. The law does not impose any duty on another to guard against sudden, unforeseen and unanticipated acts of another."

In view of the foregoing holding we deem it unnecessary to discuss the question of contributory negligence, which is also asserted by appellant. The case will be remanded to the circuit court with direction to vacate the judgment heretofore entered and for the entry of judgment in accordance herewith. Costs to appellant.

FEAD, C. J., and WIEST, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.