PER CURIAM.
This case involves the validity of a summary final judgment releasing the driver of a truck and his employer from a cause of action, wherein it was alleged that the minor plaintiff was injured when he jumped upon the rear of the truck [while it was moving] and was subsequently injured.
The record fails to reveal that the driver had any reason to believe that the minor plaintiff was on the truck; no such event had occurred in the past, and the circumstances fail to reveal any reason why he should have known that the minor plaintiff was going to trespass on his vehicle. We affirm the summary final judgment upon the reasoning of the Second District Court of Appeal in Green v. Manly Const. Co., Fla.App.1964, 159 So.2d 881, wherein in a similar situation they said:

“ * * * The defendant must be aware of the trespasser in order to avoid causing wilful or wanton injury ‘unless there is something peculiar in the situation which should reasonably lead him to know that children are trespassing.’ * *
“Since there was no showing that the defendant driver did know of the minor plaintiff’s presence, and since the record before the trial court does not disclose any peculiar factor which reasonably should have placed the defendant on notice, plaintiffs’ allegations to the contrary constituted no more than a bare conclusion of the pleader. * * * ”

Also see: Ravey v. Healy, 279 Mich. 323, 272 N.W. 692; Meade v. Purity Bakeries Corporation, 115 N.J.L. 471, 180 A. 856; Pinto v. Mr. Softee of New York, Inc., 22 A.D.2d 874, 254 N.Y.S.2d 683; White v. Edwards Chevrolet Company, 186 Va. 669, 43 S.E.2d 870.
Therefore, for the reasons above stated, the summary final judgment here under review be and the same is hereby affirmed.
Affirmed.