GEORGE EWALD, respondent,

*v.*

SOTER STEPHEN ORTYNSKY et al., appellants.

[Submitted July 3d, 1909.   Decided November 15th, 1909.]

A defendant who has demurred to a bill in chancery upon grounds going to the whole of the complainant's bill whose demurrer has been sustained on some of the grounds specified, cannot appeal from a subsequent order obtained on his own motion which assumes to sustain the demurrer on those grounds and overrule it on other grounds.

---

On appeal from a decree of the court of chancery advised by Vice-Chancellor Leaming.

*Mr. Herbert Clark Gilson,* for the respondent.

*Mr. Harry B. Brockhurst,* for the appellant.

The opinion of the court was delivered by

SWAYZE, J.

The appellant is the defendant in the case. It demurred to the bill of complaint for numerous causes. Four of these which went to the whole of the bill were held good by the vice-chancellor, and accordingly an order was made on the motion of the appellant allowing the demurrer. Later the appellant applied for a re-argument and obtained an order allowing the demurrer on the four grounds and overruling it on the others, and then appealed upon the ground that the demurrer should have been allowed on all the grounds specified.

Only those who are aggrieved can appeal. *Chancery act* (*P. L. 1902 p. 545 § 111*) ; *Coryell* v.. *Holcombe, 9 N. J. Eq.* (*1 Stock.*) *650;* *Green* v. *Blackwell, 32 N. J. Eq.* (*5 Stew.*) *768.* The appellant clearly was not aggrieved by the first order, which was wholly in its favor. Nor is it aggrieved by the second order, erroneous though it is; for the effect of sustaining the demurrer on any ground was to sustain it altogether. Illustration may be found in cases where the reasons specified were held insufficient but the demurrer was sustained for a reason alleged *ore tenus.* *Stillwell* v. *McNeely, 2 N. J. Eq.* (*1 Gr. Ch.*) *305;* *Barrett* v. *Doughty, 25 N. J. Eq.* (*10 C. E. Gr.*) *379;* *Story Eq. Pl. § 464.* Although the order is erroneous, it was entered on the motion of the appellant as a substitute for a proper order in his favor. A party cannot appeal from an order procured by himself. *Hooper* v. *Beecher, 109 N. Y. 609;* *15 N. E. Rep. 742.* To permit him to do so would simply open the door to unnecessary appeals. No better illustration can be found than this very case, since the second order could have had no possible object except to lay the foundation for this appeal.

The appeal is dismissed, with costs.