In the matter of the estate of SARA E. R. QUEEN, deceased.

[Argued January 13th, 1914.   Decided January 15th, 1914.]

1. On an appeal to this court taken from an order of the orphans
court dismissing a petition to vacate a decree denying probate of a pur-
ported will, and to set aside letters of administration granted by the
surrogate of the county to entertain the subject-matter, because, as was
alleged, the decedent was a non-resident, the jurisdiction exercised by
this court is strictly appellate, and this court is without authority to
impose upon the defeated suitor counsel fees as part of the costs and
expenses, unless authorized by statute or the settled practice of the
court.

2. There is no such statute or settled practice permitting it in this
court.

3. The costs which the prevailing party, on an appeal of this kind, is entitled to are those specifically provided for in the fee bill, and are not to be increased or diminished at the discretion of the court.

4. The one hundred and ninety-sixth section of the Orphans Court act (*Comp. Stat. p. 3884*), providing that "in all litigated suits in the orphans court the court shall adjudge and direct which party shall pay the costs and expenses of such litigation, and shall have the power to apportion and determine the costs and expenses to be paid by either party," is not available on this application.

5. The proceeding in the orphans court appealed from was a "litigated suit" within the meaning of the statute, and counsel should have applied to that court to exercise its discretion in that behalf.

On motion for an allowance of counsel fee.

*Messrs. Queen & Stout,* for the motion.

*Mr. Adam O. Robbins, contra.*

BACKES, VICE-ORDINARY.

The appeal in this case was dismissed, with costs, against the appellant. The respondent now moves for a counsel fee, and relies upon section 196 of the Orphans Court act (*Comp. Stat. p. 3884*), which reads:

"In all litigated suits in the orphans court the court shall adjudge and direct which party shall pay the costs and expenses of such litigation, and shall have the power to apportion and determine the costs and expenses to be paid by either party."

and cites in support of his motion the case of *Bioren* v. *Nesler, 76 N. J. Eq. (6 Buch.) 576*, and *Kayhart* v. *Whitehead, 77 N. J. Eq. (7 Buch.) 12*.

1. *Bioren* v. *Nesler* came into this court on an appeal from a decree refusing probate of an alleged will, and the present chancellor vindicated the power of this court, based upon an established practice sanctioned by the court of errors and appeals, to make allowance to counsel for services on appeals in matters relating to the probate of wills, to be paid out of the estate, and, obviously, because "the jurisdiction of the prerogative court in relation to the probate of wills is an original jurisdiction and not

merely appellate, and upon filing of such appeal against the decree of the orphans court admitting to probate a disputed writing, the question for decision in the prerogative court is, not the propriety of the decree below, but the right to the probate of the will. The question of the probate comes up *de novo* and may be heard in the prerogative court on the same evidence as below or on additional evidence." *Kayhart* v. *Whitehead, supra.*

The practice in such cases has not its origin in legislation. *Whitenack* v. *Stryker* (*A. D. 1838*), *2 N. J. Eq.* (*1 Gr.*) *8*, although it is sanctioned by statute. *P. L. 1855 p. 342; Rev. 1874 p. 550; Comp. Stat. p. 3885.* Where the services of counsel are for the advantage of all concerned, it is the common practice to compensate him out of the funds of the estate. On appeal from a decree upon exceptions to executor's account. *Munn* v. *Munn, 20 N. J. Eq.* (*5 C. E. Gr.*) *472.* On appeal from an order of distribution. *Smith* v. *McDonald, 69 N. J. Eq.* (*3 Robb.*) *765; 71 N. J. Eq.* (*1 Buch.*) *261.* By virtue of section 197 of the Orphans Court act (*Comp. Stat. p. 3885*) the court may, in litigation of this kind only, order the losing party to pay a counsel fee.

2. The appeal in this case was taken from an order of the orphans court dismissing a petition to vacate a decree denying probate of a purported will, and to set aside letters of administration granted by the surrogate of the county on the ground that the orphans court was without jurisdiction to entertain the subject-matter, because, as it was alleged, the decedent was a non-resident. The proceedings were solely to review the propriety of the dismissing order. The jurisdiction was strictly appellate. The appeal did not concern the funds of the estate. On such a review, this court is without authority to impose upon the defeated suitor counsel fees as part of the costs and expenses, unless authorized by statute or the settled practice of the court. There is no statute which permits it. Such practice does not obtain in our court of errors and appeals, nor does it exist here. The costs which the prevailing party, on an appeal of this kind, is entitled to, are only those specifically provided for in the fee bill, and are not to be increased or diminished at the discretion of the court. *Apperson* v. *Mutual Benefit Life Insurance Co., 38 N. J. Law* (*9 Vr.*) *388.* Costs, generally, are regulated

by the Fees and Costs act (*Comp. Stat. p. 2277*), which prevails, except where substituted, supplemented or superseded by kindred enactments, as for instance, the Fees and Costs act at law (*Comp. Stat. p. 4129*), the Fees and Costs act in chancery (*Comp. Stat. p. 445*), those provided by the Orphans Court act (*Comp. Stat. p. 3886*), and the like. It required an act of the legislature to empower the court of chancery to award counsel fees to a successful complainant (*P. L. 1902 p. 540*), and another to permit that court to grant such allowance to a successful defendant. *P. L. 1910 p. 427.*

3. The statute above quoted is not available on this motion. It enables the orphans court in litigated actions to award counsel fees as part of the expenses of the litigation, but it does not confer that power upon this court. A refusal of the orphans court to make an allowance of counsel fee would be subject to appeal, but the record does not disclose that the matter was pre-sented to the court below, and even if it were, its action was not brought up for review.

The proceeding in the orphans court was a "litigated suit" within the meaning of the statute, and counsel should have applied, and perhaps may now apply to that court to exercise its discretion.

The motion will be denied.