In the matter of the estate of THOMAS BROOKS, deceased.

[Submitted October 25th, 1929. Decided May 19th, 1930.]

*Mr. Howard Ewart,* for the appellant.

*Mr. John D. McMullin,* for the respondent administrators.

*Mr. Merritt Lane,* for the respondent Fred T. Walters.

The opinion of the court was delivered by

PARKER, J.

Thomas Brooks died a resident of Pennsylvania, owning the lands in question which are in Ocean county, and leaving a will naming three executors with full powers of sale. All the executors qualified, but all are now dead, and the local court in Pennsylvania appointed administrators *de bonis non* with will annexed, whose authority to act appears from an exemplified copy of the will and of their letters duly filed in the surrogate's office of Ocean county. The difficulty that existed in the case of *In re Devine, 62 N. J. Eq. 703,* does not obtain in the present case.

The controversy before us arises out of the facts that the administrators agreed to sell the lands in question on July 7th, 1925, to appellant Evernham for $19,000, "said sale to be subject to the approval of a competent court of record of New Jersey;" that on August 18th, they received from another party a bid of $25,000 for the same property, which, however, did not result in a contract, and on September 13th they accepted the bid of the respondent Walters for $30,000, and desired to close title with him for that amount. These facts were set out in a petition by the administrators to the orphans court filed May 7th, 1926, in which they stated that on making diligent inquiry they were advised that the Evernham offer of $19,000 was insufficient but that the Walters' offer of $30,000 was for a full and fair price, and that they had accepted the same subject to the approval of the court, and asked for the disapproval of the Evernham offer as insufficient. Notice of the application was given to Evernham, who filed an answer and cross-petition alleging that $19,000 was a full and fair price at the time it was agreed upon, and praying that the court approve the sale to him and direct that deed be delivered accordingly. The orphans court

granted the prayer of the cross-petition and there was an appeal to the prerogative court, which reversed the decree of the orphans court, directed the latter court to disapprove the Evernham sale and approve the Walters' sale, and allowed to Walters, who had appealed, a counsel fee of $500. Vice-Ordinary Buchanan, who advised the decree of reversal, considered the testimony on valuation and decided that the $19,000 price was inadequate but that $30,000 was a fair price.

We have not deemed it necessary to go to any length in examining the testimony on values, because we consider it clear that the orphans court was without any jurisdiction to approve the Evernham sale. The statute controlling the matter is an act of 1888 (*P. L. p. 395*), the text of which, but not the title, is reprinted in *Comp. Stat. p. 2262 et seq.* The title, however, is significant. It reads: "A supplement to an act entitled 'An act concerning executors and the administration of intestates' estates' (Revision), approved March 27th, 1874, regulating the sale of lands by administrators with the will annexed, or by administrators *de bonis non* with the will annexed, and defining their powers." Section 5 of this act repeals section 11 of the original act and section 1 in the same breath re-enacts it. Section 2 was a new piece of legislation and is the important part of the act for present purposes. It provides that "no sale of lands hereafter made by an administrator or administrators with the will annexed, or by an administrator or administrators *de bonis non* with the will annexed, shall be valid until the terms thereof shall have been submitted to the orphans court of the county in which the lands proposed to be sold lie or shall lie, and approved by said court, and it shall be the duty of such court, upon any application by an administrator or administrators with the will annexed, or the survivors or survivor of them, or by an administrator or administrators *de bonis non* with the will annexed, or the survivors or survivor of them, for an order confirming the terms of any sale made or to be made by him or them under any power of sale contained in such will, before confirming such sale, in their discretion, to require

such administrator or administrators with the will annexed, and such administrator or administrators *de bonis non* with the will annexed, to give such additional security, by bond to the ordinary, as said court shall deem advisable, having regard to the value of the real estate ordered, directed or authorized to be sold in said will, for the proper distribution of the proceeds of the sale of such real estate."

The plain import of this language as we read it, is that no sale within the terms of the act shall be valid unless approved by the orphans court; and in addition, that the power of that court to approve a proposed sale arises only if, when, and as the administrator goes to the court and asks its approval. As a necessary corollary, if the administrator never does ask approval, the sale can never become valid: no power is conferred on the court to approve it at the instance of any one but the administrator; hence a vendee cannot invoke its action. Consequently, if in the case at bar the administrators had contented themselves with asking the court to approve the Walters' sale, they would have been entirely within their rights. In the interest of candor and fair dealing they did more, and reported all the offers received, asked for approval of the best one and (quite superfluously as we view it) asked for disapproval of the Evernham offer. It is suggested that this latter action conferred jurisdiction, but we are unable to take that view of the matter.

We conclude then, on this branch of the case, that the prerogative court properly reversed the attempted approval by the orphans court of the Evernham offer, and place our affirmance of this action on the ground of lack of jurisdiction in the orphans court.

2. The prerogative court, acting as an appellate tribunal, considered the evidence and determined that the Walters' offer was for an adequate amount and should be accepted and a deed executed and delivered. No question of its power so to decree in a proper case is raised on the present appeal, and we agree with its finding of fact in this regard. This part of the decree is therefore likewise affirmed.

3. With respect to the award of the counsel fee to Walters we reach a different result. Whether such a counsel fee could have been allowed in the orphans court is beside the mark, though it may be noted that the case arises under the Executors' and Administrators' act and not under the Orphans Court act, section 196 of which is invoked by respondent. Apart from this, the jurisdiction of the prerogative court in this case was appellate, as we have just said, and in the absence of an enabling statute, that court had no power to award a counsel fee in this case. *In re Queen,* 82 *N. J. Eq. 588.* So much of the decree under review as awards a counsel fee will be reversed; but as we reach an affirmance on the substantial question in the case, no costs will be awarded to appellant in this court.

*For modification*—THE CHIEF JUSTICE, TRENCHARD, PARKER, BLACK, CAMPBELL, LLOYD, CASE, BODINE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.