The motion is for counsel fees upon the final decree advised in the opinion reported in 108 N.J. Eq. 601.
The act sustaining the main proceedings (chapter 237, laws of 1929), provides for compensation to the applying trustee and the guardian and to their counsel, to be fixed by the chancellor. The provision is not exclusive, but cumulative. The act does not confer a special jurisdiction. It simply provides the means for bringing a peculiar class of causes within equity's inherent jurisdiction over trusts. The fund being in the control of the court the court has power to compensate counsel aiding in the administration of the trust. In re Queen, 82 N.J. Eq. 588.
Section 91 of the Chancery act is a warrant for awarding counsel fees to successful suitors. Chapter 116, laws of 1915, authorizes counsel fees to an unsuccessful litigant. The present question is not one of power, but of its exercise.
The claimants, each of whom set up that he was the missing Georger, ask for compensation for their respective counsel. *Page 146 
The proceeding did not invite, but it gave them opportunity to present and prosecute their claims, and having failed they must be treated as are other unsuccessful litigants and cost and counsel fees denied them. West v. The Rector, c., of St.James' Episcopal Church, 83 N.J. Eq. 324.
Cornelius, cousin of the missing Georger, and the new trustee of the fund under the decree, stands on a different footing. He was not a claimant-litigant, but defended the trust in behalf of the missing cestui que trust, and to which he will succeed after a further six years absence of the missing one. His counsel are entitled to compensation according to the common practice for their aid in protecting the fund. Allowance of counsel fee to him is also justified under section 91 of the Chancery act, because he obtained the decree, within the meaning of the statute.
Compensation to counsel must be confined to services rendered in this suit. Compensation for services rendered in the administration of the estate prior to this litigation must be sought from the trustee whose discharges are the subject of judicial review and approval by the orphans court of Hunterdon county, where he will account as he has in the past. The court of accounting alone has jurisdiction over disbursements of the trustee.
Counsel for the trustee and for Cornelius will be allowed each $20,000 and their disbursements. The guardian of Georger will be awarded $10,000 and his outlay. *Page 147