Respondent, on June 19th, 1931, filed a caveat to the probate of the will of her mother, Jane Ann McCabe. The proponents of the will are presently the parties appellant in this cause. The matter having been duly heard, a decree was, on February 14th, 1933, entered in the Essex county orphans court granting probate. The draft of decree was prepared and presented to the court by counsel for proponents of the will. It is recited in the decree that the caveatrix offered evidence other than the subscribing witnesses to the will and that there was no reasonable cause for contesting the validity of the will. It provided also for the payment, out of the estate, of counsel fees to the attorneys representing the proponents of the will and a trustee under the will and for like payment of certain expenses to proponents individually. Costs and expenses of the caveatrix were denied.
Further litigation respecting the estate was had, present appellants being parties thereto, and during which no question was raised as to the propriety of charging the estate with these fees and costs. To the contrary it appears, for instance, that in an answer to a petition of appeal filed by caveatrix in the prerogative court bearing on the decree of February 14th, 1933, proponents alleged that "said decree in every part thereof is legal, proper and correct."
On June 16th, 1936, the propriety of this feature of the decree is first disputed, petitioners, who were the proponents of the will, alleging the same to have been improvidently entered as contrary to law and that these costs and expenses should have been assessed against the caveatrix rather than against the estate. This petition was dismissed in the orphans court and that action was affirmed in the prerogative court.
Appeal now being made to this court, it is argued that as matter of law the order of February 14th, 1933, was erroneous respecting the award of fees and costs and Rev. Stat. 3:2-51 is urged in support of this contention. The pertinent part of this statutes provides, "* * * If probate be granted *Page 256 
the court shall order the contestant to pay the costs and expenses, unless it shall appear to the court that the contestant had reasonable cause for contesting the validity of the will or codicil, or shall not have offered at the trial or hearing, any evidence other than the subscribing witnesses to the will or codicil. * * *" It is urged also that the then counsel for proponents of the will, prior to the entry of the decree of February 14th, 1933, had advised his clients by letter that the decree proposed to be entered would direct payment of these costs and expenses out of the estate but would contain a further provision that this would be without prejudice to any question whether these charges were ultimately to be borne by the caveatrix, and that they might apply to the court for further directions after the amounts of certain other items had been ascertained and, hence, the decree not containing this limitation, was a fraud upon appellants and it should be now reconsidered and revised. Admittedly this letter was not offered in evidence and is referred to, improperly, only in the brief of appellants. Assuming, however, the item to be properly before the court, it arouses no predilection for the case made out by appellants. Rather are we impressed with the conclusions of the learned trial court who, having first hand opportunity to appraise the parties and the facts, had this to say on the point here involved:
"But the difficulty with petitioners' present contention is this: They were expressly advised in writing of their rights in the above regard by their then proctor before the entry of the order in question, but were told that it would be advantageous to them not to insist upon their right to charge such costs against caveatrix solely. This advice they followed, and the order in question was prepared accordingly by their own counsel. Indeed, there was good reason for their being content with such order. For they knew full well that, to have imposed all costs on caveatrix alone, would have practically insured her pressing her appeal, which they naturally wanted to avoid. Moreover, the order as entered imposed substantially one-third of such costs on caveatrix anyway, due to her then share in the estate. But now, some three *Page 257 
years later, after caveatrix can no longer appeal, and after she has lost her estate share by chancery decree, so that the costs as imposed come substantially out of petitioners' share in the estate, they press the court for a new deal.
"Not only does this change in front not appeal to the conscience of the court, but, since the order as entered was drawn by their counsel for their advantage, to their knowledge, they themselves are responsible for the very improvidence, if any, of the order as entered."
We can only conclude that appellants were entirely familiar with the decree as entered and that their long acquiescence therewith and their representations to the court respecting the validity thereof, as hereinbefore indicated, now precludes them from contesting its binding force. We may assume the decree complained of to have been erroneous in law. It is unnecessary, in our view, to decide the point. The decree was entered on the motion of appellants and was in their favor. They may not now appeal therefrom or obtain a revision thereof. Ewald v.Ortynsky, 76 N.J. Eq. 291; Sharff v. Tosti, 108 N.J. Eq. 270.
Appellants complain of the allowance to respondent in the prerogative court of a counsel fee on the appeal to that court. The point is well taken. The jurisdiction of the prerogative court in this matter was not an original jurisdiction but strictly appellate and in the absence of an enabling statute that court has no power to award a counsel fee in this case. In reBrooks, 106 N.J. Eq. 242; In re Queen, 82 N.J. Eq. 588. Counsel does not point to any enabling statute. We know of none. The award of counsel fee in the prerogative court was improper and its decree in this respect and to that extent is reversed. On the substantial question in the case, however, the decree is affirmed.
For modification — THE CHIEF-JUSTICE, TRENCHARD, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ. 14. *Page 258