COLIN HARRIS, INFANT, BY COLIN C. HARRIS, GUARD-
IAN AD LITEM, AND COLIN C. HARRIS, INDIVIDUALLY,
PLAINTIFFS-APPELLANTS, v. MENTES-WILLIAMS CO.,
INC., A CORPORATION OF NEW JERSEY, DEFENDANT-
RESPONDENT.

Argued February 9, 1953—Decided March 2, 1953.

*Mr. Harold A. Price* argued the cause for appellants (*Mr. G. Gerson Isenberg,* attorney).

*Mr. James B. Emory* argued the cause for respondent (*Messrs. Emory, Langan & Lamb,* attorneys; *Mr. James J. Langan,* on the brief).

The opinion of the court was delivered by

WACHENFELD, J.   The infant plaintiff, through his guardian *ad litem,* sues to recover damages for injuries sustained in an accident occurring on October 19, 1951.   His father sues *per quod.*

The defendant, a contractor, was using a bulldozer to excavate and grade a lot owned by the St. Joseph's Roman Catholic Church, immediately adjacent to the Echo Lake Public School in West Milford Township.   The child, six years of age, attended the school and on the day in question, some time during recess, after being excused by his teacher, fell into the excavation made by the defendant and was found lying in the bottom of a furrow three or four feet below the grade of the property line.

The area had been used by the children attending the school as a playground for many years and the defendant's employee, the bulldozer operator, was aware of the presence of the children upon the premises.

The pretrial order framed the issues as follows:

"Plaintiffs charge negligence by reason of defendant's failure to safeguard a dangerous and hazardous condition, well knowing the

proximity of the school yard and the fact that minor children customarily played thereon.

Defendant concedes that it was engaged in grading a parking lot for St. Joseph's Roman Catholic Church immediately adjacent to the school property and that a difference was thereby created in the grade levels, and that the infant plaintiff fell and sustained injury, but it denies that any duty was owed by it to the infant plaintiff * * *"

The trial court dismissed the plaintiffs' action and on appeal the Appellate Division, 23 *N. J. Super.* 9, affirmed by a divided vote, thus giving the right to pursue the appeal taken.

There is no attack upon or quarrel with the rule enunciated in *Strang v. South Jersey Broadcasting Co.,* 9 *N. J.* 38 (1952), but the controversy centers rather upon its applicability to the circumstances *sub judice.*

The majority in the Appellate Division thought: "To have permitted the submission of this case to the jury would have been an unwarranted extension of the doctrine of the *Strang* case and those [cases] cited therein," while the dissenter could not "distinguish the applicability" of the same case and held it controlling, concluding there should be a reversal.

Before discussing the issue, however, we note the court expressed the view that the bulldozing operation, having been carried on for about six weeks during the school term, "created a condition of a constantly changing grade of the land which must have been obvious even to young children attending school and it does not appear that they lacked the ability to realize the risk of coming within the area of operation."

If this imputes or was intended to denominate either an assumption of risk or contributory negligence, we cannot subscribe to the thought that it was such as a matter of law because of the tender age of the child. We are aware of no authority supporting the conclusion intimated.

The majority in the Appellate Division reasoned the instrumentality did not cause the accident but rather "it was the change in the contour of the land caused by the bulldozer as it moved across the land" and the change so wrought was

not a condition which the contractor or his employee knew or should have known "or which it realized or should have realized to be one involving an unreasonable risk of death or serious bodily harm to children standing in the position of the infant plaintiff."

The respondent says: "There was no use by defendant of a dangerous agency which had the slightest causative effect upon the unfortunate injury to the infant plaintiff." But we perceive no distinction in the principle between a dangerous instrumentality on the land and a dangerous condition of the land created by an instrumentality.

▉ The rationale of the *Strang* case, *supra,* was that the use of a dangerous instrumentality gave rise to a foreseeable risk of harm. Here the condition of the land as changed by the defendant gave rise to the foreseeable risk of harm. Quoting again from the *Strang* case, *supra:*

"The basis of liability is the foreseeability of harm, and the measure of duty is care in proportion to the foreseeable risk. An act in disregard of this obligation is a remediable misfeasance."

Granting the plaintiff was not an invitee on the church property but a licensee, the rule still prevails. The question here is not as to the duty of the defendant toward a person of mature years but the duty in respect to a child.

"Very few of the rules that regulate the conduct of a man with his fellow could be applied with the least show of reason to his intercourse with children. It is the legal duty of every one dealing with a child to protect it against its own indiscretion."

*Danbeck v. N. J. Traction Co.,* 57 *N. J. L.* 463 (*Sup. Ct.* 1895), cited and followed in *Miller v. Oscar Schmidt, Inc.,* 100 *N. J. L.* 324 (*E. & A.* 1924), where the court said:

"*Quo animo* seems to be the test applicable to such a situation. For, manifestly, to tacitly allow immature children to exercise their playful propensities in a dangerous environment might legally charge the owner with liability as an invitee or licensee."

The rule here relates particularly to children, who because of their immaturity and want of discretion are given protective consideration.

■■ Where the trespass upon the land is foreseeable and the condition involves an unreasonable risk of death or serious bodily injury to the trespassing child, the possessor of the land is liable. *Restatement of Torts, sec.* 339.

"Habitual acquiescence in trespasses may well constitute license." *Strang v. South Jersey Broadcasting Co., supra.*

In a very recent case, *McGill v. United States of America,* 200 *F. 2d* 873, *No.* 10,839 (*C. C. A.* 3, January 7, 1953), the court, after quoting extensively from the opinions of the Appellate Division and the Supreme Court in the *Strang* case, said:

"We think these two opinions mark a real development in the law of a state noted for its high quality of judicial thinking. The court is carefully building upon what has gone before in New Jersey judicial history but at the same time is giving it a direction based, not on an arbitrary use of a catch phrase, but on a thoughtful analysis of principles underlying the sound development of tort law. We think it is fair to say from the discussion of the *Strang* case in both the Appellate Division and the Supreme Court that § 339 of the Restatement of Torts represents the New Jersey point of view. It also represents the point of view shown in well considered opinions of courts in other parts of the country. See Prosser on Torts, page 620. The Restatement did not make this view of the law but perhaps has helped in its development by enunciating and clarifying what was already going on."

■ We think the *Strang* case, *supra,* applies and the question of negligence should have been submitted to the jury.

The judgment below is reversed and the cause remanded for a new trial.

OLIPHANT, J. (dissenting). I would affirm the judgment below largely for the reasons expressed in the majority opinion of the Appellate Division. 23 *N. J. Super.* 9 (1952).

There is no evidence whatever as to how the infant plaintiff received his injuries. There was no contact between him and

the bulldozer. He was seen by his teacher running across the school playground toward the church property and shortly thereafter she was informed he had been injured. The case was tried on the theory that the defendant was negligent by reason of its failure "to safeguard a dangerous and hazardous condition, well knowing the proximity of the school yard and the fact that minor children customarily played thereon." The majority opinion here and the minority opinion in the Appellate Division applied the rule enunciated by this court in *Strang v. South Jersey Broadcasting Co.*, 9 *N. J.* 38 (1952). As I read that opinion, liability was predicated on the maintenance of an instrumentality "highly dangerous" or "likely to cause death or serious bodily harm." A furrow three or four feet deep is not so inherently or potentially dangerous a condition as to warrant application of the rule enunciated in that case or to make such an unwarranted extension of its doctrine as is here done. The philosophy of the majority in the instant case leads to the inescapable result that the owner of lands or one who on behalf of the owner erects a structure or creates any condition thereon, be they farm lands or city property, is a virtual insurer against injuries sustained by infants thereon, even though they be trespassers or licensees.

VANDERBILT, C. J., concurs in this dissent.

*For reversal*—Justices HEHER, WACHENFELD, JACOBS and BRENNAN—4.

*For affirmance*—Chief Justice VANDERBILT, and Justices OLIPHANT and BURLING—3.