**Karl THIERET, Plaintiff-Appellant,**

v.

**Robert F. HOEL and Paul J. Steffen, Defendants-Respondents.**

**No. 51999.**

Supreme Court of Missouri, Division No. 2.

Feb. 13, 1967.

Motion for Rehearing or to Transfer to Court En Banc Denied March 13, 1967.

Marvin Q. Silver, Milton Suffian, St. Louis, for appellant.

George E. Lee and Doris J. Banta, St. Louis, for respondents; Carter, Bull, Baer, Presberg & Lee, St. Louis, of counsel.

BARRETT, Commissioner.

In a third amended petition, Karl Thieret sought $75,000 damages for injuries sustained on January 29, 1958, when he was a minor and a resident of Missouri Baptist Children's Home. The defendant Hoel-Steffen Construction Company, a partnership, had the contract to erect a new building for the Fee Fee Baptist Church and was in the process of completing the basement when Karl, then age 14, fell or was precipitated into the basement and impaled on a reinforcing rod. (The time lag, January 1958 and now, January 1967, is accounted for by the fact that after his action was filed but before it was tried Karl served an enlistment, including a tour of duty in Viet Nam, in the army.) At the close of his evidence the court directed a verdict in favor of the defendants and the plaintiff has appealed. In this posture, since the court directed a verdict, the plaintiff advances at least three theories of liability under his pleading and proof and of course if either is valid the court erred in not submitting the case to the jury.

In general these were the circumstances surrounding Karl's fall into the excavated area: While the children's home and the church were of course on separate plots of land there was in fact no line of demarcation or, as the plaintiff alleged, "no dividing marker" between the school ground and the church ground. The new building was being constructed on the church grounds and the construction site was "immediately adjacent to the contiguous grounds of the Missouri Baptist Children's Home." Karl said that near the area there was a basketball court, tennis courts, a barbecue area and an "assembly area" and that he and other youngsters had played on the construction site. Karl and his friend Ronnie De Macey lived in one of seven or eight cottages with eight or ten other boys and attended Pattonville Junior High School. On January 28, 1958, Karl and Ronnie returned to their cottage about 3:30 in the afternoon and as one of

their regular duties proceeded to take the cottage laundry in a red wagon to the main building. They delivered the dirty laundry to the basement, picked up the clean laundry and left the basement through a side door on the west side of the building and proceeded over a paved driveway or walk toward their cottage. But instead of returning directly to the cottage Ronnie and Karl followed a path off the driveway, ten or fifteen feet distant, directly to the construction site. They had of course "seen that they dug this basement or dug this hole out," and so "we decided we would go over and take a look. * * * Well, we just walked up and took a look in it, we looked down to see what they were doing." Ronnie did not see just what happened to Karl, he says that they "kneeled down together" and peered into the hole, ten or fifteen feet deep, and Ronnie went to look into another excavation hole and when he turned around Karl was in the basement excavation impaled on a reinforcing rod. Karl said that there was dirt piled around the excavation, two to three feet above it, and he said, "I was just standing there, it just caved in or it went down with me. * * * It seemed like the ground just caved away" and he did not remember anything else until he awakened in the hospital.

█ While the appellant does not carefully separate or categorize his theories of liability, his first claim is that the attractive nuisance doctrine is applicable to the circumstances. In part he states his claim in this manner,—"the defendants knew that their inherently dangerous, unguarded, unfenced excavation with upright steel rods in its foundation was so located as to be an attractive nuisance and was an attractive nuisance to the children of the Children's Home who played on and used the grounds of the church and lived on the grounds of the Children's Home." It is not necessary to detail other circumstances or to elaborate upon appellant's theory. There are some factual similarities and some analogy in the sandpit case of Fink v. Missouri Furnace Company, 10 Mo.App. 61, but that case was overruled on other grounds, Fink v. Missouri Furnace Company, 82 Mo. 276, and at best its value as a persuasive precedent is questionable. As was pointed out in an annotation, the Fink and similar cases were "predicated * * * upon the fact . that the condition which caused the injury might have been expected to be alluring to young children." 28 A.L.R.2d 195, 198. The difficulty with the appellant's theory is that this court has repeatedly held that a building under construction is not a "dangerous" instrumentality within the meaning of the attractive nuisance doctrine even to very young children. Witte v. Stifel, 126 Mo. 295, 28 S.W. 891; Hull v. Gillioz, 344 Mo. 1227, 1235, 130 S.W.2d 623, 627. In Patterson v. Gibson, Mo., 287 S.W.2d 853, it was held that the doctrine was not applicable to a "bridge" of loose boards across an "over-dig" around the concrete foundation of a church. In Holifield v. Wigdor, 361 Mo. 636, 235 S.W.2d 564, it was held that the doctrine was not applicable, that the premises were not inherently dangerous, when a child of five fell into a water-filled hole excavated for two underground gas tanks. If the attractive nuisance doctrine is not applicable in those instances, it follows as a matter of course that it is not applicable to the circumstances of this record and it is not necessary here to examine into the rationale of those cases.

█ The appellant's second theory is that the "hard-by" doctrine is applicable, that the "defendants knew a large number of children of the Children's Home frequented the area hard-by their inherently dangerous, unguarded, unfenced excavation and that there were no distinguishable lines of demarcation between the Home grounds and the abutting church grounds, where they had made their excavation, and further knew that children of the Home frequented both areas freely without distinction." The church and school properties, the entire area abuts Fee Fee Road on the

west and St. Charles Rock Road abuts the church property on the north but the excavation did not abut a street or highway and Karl and Ronnie did not wander from a road to the site, they left a path ten or fifteen feet from the foundation. Then too the respondents urge that the "hazard" contemplated by the hard-by rule is some permanent artificial condition maintained on premises, not a temporary condition such as a foundation or basement to a building in process of construction. The latter fact, the impermanency of the condition, would be one circumstance distinguishing this cause from the leading case of Wells v. Henry W. Kuhs Realty Co., Mo., 269 S.W.2d 761, 47 A.L.R.2d 1038, an instance of a private dump on a lot 300 by 330 feet bounded on three sides by public streets; some of them residential. And Dutton v. City of Independence, 227 Mo.App. 275, 50 S.W.2d 161, involved the liability of a municipality and the maintenance of a culvert on "property not owned by the city." That case was further distinguished in Chard v. Clarkson Construction Company, Mo.App., 377 S.W. 2d 506, 509; "Second, the street where the culvert was located was open to the public and neither the street nor the culvert was in the process of construction. Under such circumstances the child's status was more than that of a trespasser or mere licensee." But, irrespective of these considerations, as it was with the attractive nuisance doctrine, two cases in more compelling circumstances than these held that the "hard-by" doctrine was not applicable. Baker v. Praver & Sons, Inc., Mo., 361 S.W.2d 667; Winegardner v. City of St. Louis, Mo., 346 S.W.2d 219. The latter case involved a municipality but when a boy of sixteen drowned in an abandoned quarry the court as to the hard-by rule said, "it does not apply to a child traveler on a public road who departs from the road, travels a path on private property a certain distance to a quarry, and thereafter determines to enter the water in that quarry."

The appellant's other theory of liability is a combination of two or more theories, the rule set forth in Sec. 339 of the Restatement of Torts and the incompletely articulated Prosser doctrines relating to children, a rule of foreseeability which involves a reclassification and a new concept as to "trespassing children." Prosser, Torts, pages 157, 175 and 372–384. Prosser's doctrine incorporates Sec. 339 of the Restatement and it may well be that this jurisdiction should reexamine its prior decisions in this entire field of the law and reconsider the suggestions and criticisms of the experts. Baker v. Praver & Sons, Inc., 361 S.W.2d 1. c. 670; 2 Harper & James, Torts, Sec. 27.5, pp. 1450–1460. But twenty-eight years ago, in Hull v. Gillioz, 344 Mo. 1. c. 1234–1235, 130 S.W.2d 1. c. 627, it was pointed out that "this court has been unwilling to extend the doctrine as far as the rules adopted by the Restatement would extend it." Since the Hull case in 1939 the Prosser and Restatement theories have been advanced and considered on several occasions (Patterson v. Gibson, Mo., 287 S.W.2d 853; Cox v. Gros, Mo., 360 S.W.2d 691, 693–694 and Baker v. Praver & Sons, Inc. supra) but Missouri has adhered to its prior position and it does not admit of liability and recovery in the circumstances of this case.

In this view, since the doctrines are inapplicable, it is not necessary to consider whether Karl was a "licensee" or an "invitee." Richey v. Kemper, Mo., 392 S.W. 2d 266; Gruhalla v. George Moeller Construction Co., Mo.App., 391 S.W.2d 585. As a matter of fact as to his three theories the plaintiff has throughout invoked a combination of all these rules and the jurisdictions upon which he relies have adopted them in whole or in part. Harris v. Mentes-Williams Co., 11 N.J. 559, 95 A.2d 388; Chase v. Luce, 239 Minn. 364, 58

N.W.2d 565; McGill v. United States, 3 Cir., 200 F.2d 873.

For the indicated reasons the judgment is affirmed.

STOCKARD and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

All of the Judges concur.