No. 13279

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

THOMAS MASCARENA, a Minor Child and
URBANO TORRES, guardian and litem,

Plaintiff and Appellant,

-vs-

DARRELL BOOTH et al.,

Defendants and Respondents.

---

Appeal from: District Court of the Thirteenth Judicial
District,
Honorable Robert Wilson, Judge presiding.

Counsel of Record:

For Appellant:

Cate, Lynaugh, Fitzgerald & Huss, Billings, Montana
Thomas Lynaugh argued, Billings, Montana

For Respondents:

Crowley, Kilbourne, Haughey, Hanson and Gallagher,
Billings, Montana
Jack S. Ramirez argued, Billings, Montana

---

Submitted:   March 18, 1977

Decided: AUG 24 1977

Filed: AUG 24 1977

Thomas J. Kearney
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is an appeal from an order and final judgment of the district court, Yellowstone County,granting defendants' motion for summary judgment and decreeing that judgment be entered in favor of defendants and against plaintiff. The sole issue on appeal is whether defendants are entitled to summary judgment considering the underlying question of whether §339(b)(c), Restatement, Second, Torts, presents questions of law or fact.

Plaintiff, an eleven year old child at the time this action arose, and his grandfather, the child's duly appointed guardian ad litem, filed a complaint in the district court alleging that on September 12, 1973, at approximately 6:00 p.m., plaintiff slipped from a monkey bar or parallel bar apparatus located at Orchard School, within School District No. 2, Billings, Montana.

At the time of the accident plaintiff and two friends were engaged in an activity where they would take turns riding their stingray bicycles beneath the monkey bar, reaching up and grabbing the horizontal bar, while swinging off their bicycles, allowing the bicycles to continue in a forward direction. On the fifth or sixth occasion on which plaintiff engaged in this activity on the day in question, plaintiff grabbed the horizontal bar as he rode beneath it on his bicycle, but his hands slipped and he fell to the asphalt surface, striking the right rear side of his head, fracturing his skull.

In his complaint plaintiff contends defendants were negligent in maintaining a monkey bar or parallel bar apparatus anchored in an asphalt surface and in allowing such a dangerous condition to exist on school premises in an area where defendants knew the apparatus

was freely accessible to children. Plaintiff further contends defendants were negligent in failing to supervise and control the use of the monkey bar or parallel bar apparatus and in failing to limit access to the apparatus during after-school hours. Defendants' answer generally denied plaintiff's allegations, specifically denying any negligence on the part of the Board of Trustees and asserted the affirmative defenses of contributory negligence and assumption of the risk.

Subsequent to the filing of plaintiff's complaint and defendants' answer, motions were filed, interrogatories were submitted and answered, stipulations were filed and depositions were taken. On March 20, 1975, defendants filed a motion for summary judgment asserting there were no genuine issues as to any material facts and defendants were entitled to judgment as a matter of law. Plaintiff took additional depositions and briefs were filed in support of and in opposition to the motion for summary judgment. On August 29, 1975, the district court issued its order granting defendants' motion for summary judgment and judgment was entered in favor of defendants on September 4, 1975.

Rule 56, M.R.Civ.P. is controlling on the granting or denial of a motion for summary judgment. In pertinent part Rule 56 provided:

> "(c) MOTION AND PROCEEDINGS THEREON. * * * The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. * * *"

The general rule of law as stated in 6 Pt.2 Moore's Federal Practice ¶56.17 [42], p. 56-946, is that:

> "* * * issues of negligence, including such related issues as wanton or contributory negligence, are ordinarily not susceptible of summary adjudication either for or against the claimant, but should be resolved by trial in the ordinary manner."

See: Mally v. Asanovich, 149 Mont. 99, 423 P.2d 294 (1967).

However, where the district court finds it appropriate to grant a defendant's motion for <u>summary judgment in a negligence action,</u> the moving party must clearly establish there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. See /Harland v. Anderson, 169 Mont. 447, 548 P.2d 613, 33 St. Rep. 363 (1976), for a discussion of summary judgment under Rule 56(c), M.R.Civ.P. This Court notes here that the district court failed to issue any opinion or memorandum of decision in support of its ruling in the instant case. Since we do not have the benefit of the district court's rationale, we will examine defendants' briefs in support of the motion for summary judgment and from them determine those arguments asserted in support of the motion.

Defendants contend that for plaintiff to recover against defendants on a negligence theory plaintiff must establish a duty of care owed the plaintiff by defendants. Any duty of care is determined by the relationship between plaintiff and the school district at the time of the accident, i.e., the status of the plaintiff while playing on the school ground after school hours.

Defendants assert that from the three possibilities of status - trespasser, licensee and invitee, plaintiff stands as a licensee, i.e., one who enters the property by implied permission or by sufferance, but only for his own pleasure, convenience or benefit. Defendants contend that absent application of the doctrine of attractive nuisance, defendants would not be liable for plaintiff's injuries since, under Montana law, a landowner's duty of care to a licensee is simply to refrain from acts of willful or wanton negligence. Furthermore, even if the doctrine of

- 4 -

attractive nuisance is applicable, plaintiff has failed to
establish elements of the doctrine and as a matter of law
defendants are entitled to summary judgment.

We note defendants' interest in distinguishing plaintiff's
status at the time of the accident. If the child could recover
if he were trespassing he would be in no worse position if
he were a licensee or an invitee on the premises. The effect
is that consideration must be given to the child's ability
or inability to understand and appreciate the purported danger
and to the child's propensity for meddling. See: Ranard v.
O'Neil, 166 Mont. 177, 531 P.2d 1000; 62 Am.Jur.2d Premises
Liability, §143.

The American Law Institute drafted §339, Restatement,
Second, Torts, that section departed from the theory of allurement
to trespass and treated the rule as one of ordinary negligence
liability. Restatement, Second, Torts §339, provides:

"339. Artifical Conditions Highly Dangerous To
Trespassing Children.

"A possessor of land is subject to liability for
physical harm to children trespassing thereon
caused by an artificial condition upon the land if

"(a) the place where the condition exists
is one upon which the possessor knows or has
reason to know that children are likely to
trespass, and

"(b) the condition is one which the possessor
knows or has reason to know and which he
realizes or should realize will involve an un-
reasonable risk of death or serious bodily
harm to such children, and

"(c)  the children because of their youth do not discover the condition or realize the risk involved in intermeddling with it or in coming within the area made dangerous by it, and

"(d)  the utility to the possessor of maintaining the condition and the burden of eliminating the danger are slight as compared with the risk to children involved, and

"(e) the possessor fails to exercise reasonable care to eliminate the danger or otherwise to protect the children."

Restatement, Second, Torts, §339 was adopted by Montana as part of the attractive nuisance rule previously in effect. Gagnier v. Curran Const. Co., 151 Mont. 468, 443 P.2d 894; Nichols v. Consolidated Dairies of Lake County, Inc., 125 Mont. 460, 239 P.2d 240.

Defendants contend "substantial questions exist as to several of the elements of the doctrine of attractive nuisance." Defendants insist "elements (b) and (c) [of §339] do not exist as a matter of law and consequently the defendants were entitled to summary judgment" since recovery is premised on plaintiff establishing each of the elements. Subparagraph (b) of §339 requires the condition to be one which involves an unreasonable risk of death or serious bodily harm. While defendants admit there is some risk of bodily harm attributed to activity involving the monkey bar apparatus, they conclude it is not an unreasonable risk of death or serious bodily harm.

Defendants further argue subparagraph (c) of §339 requires that the child not discover the condition or realize the risk involved. In the instant case, defendants contend plaintiff was of such an age or mentality that he should, or could reasonably be expected to, understand, appreciate and avoid the danger or hazard of the condition to which he was exposed or that plaintiff did in fact understand and appreciate the condition, but nevertheless exposed himself to it.

- 6 -

Defendants summarize their argument by listing three criteria which purportedly entitle defendants to judgment as a matter of law:

1. The monkey bar apparatus, as it existed on the day of the accident, did not, as a matter of law, involve an unreasonable risk of death or serious bodily harm to an eleven year old boy.

2. As a matter of law, an eleven year old boy of the intelligence of plaintiff should have perceived the danger of falling and hurting himself.

3. Plaintiff did perceive the danger of falling and hurting himself.

We note defendants' conclusions of law are based upon determinations of fact involving the character of the instrumentality which caused the injury and plaintiff's ability to observe, understand, appreciate and avoid the danger of the instrumentality. These are the very questions of fact which §339 considers. Our inquiry at this juncture is whether the plaintiff's ability or failure to establish the elements of §339 is a question of fact or a question of law.

Our research revealed the majority of jurisdictions which have considered this question concluded that whether the conditions of Restatement, Second, Torts §339 were met is a question of fact for the jury to determine. MacNeil v. Perkins, 84 Ariz. 74, 324 P.2d 211; Greene v. DiFazio, 148 Conn. 419, 171 A.2d 411; Ridgewood Groves, Inc. v. Dowell (Fla.App.), 189 So.2d 188; Harris v. Mentes-Williams Co., 11 N.J. 559, 95 A.2d 388; Clifton v. Patroon Operating Corp., 271 App.Div. 122, 63 N.Y.S.2d 597; Stanolind Oil & Gas Co. v. Jamison, 204 Okla. 93, 227 P.2d 404, 23 ALR2d 1141; Nechodomu v. Lindstrom, 273 Wis.313, 77 N.W.2d 707, 62 ALR2d 884, reh.den. 273 Wis. 327a, 78 N.W.2d 417, 62 ALR2d 896.

Furthermore, we find additional questions of material fact which remain unresolved and act to defeat defendants' motion for summary judgment. An example of such a fact question is whether the school custodian's observation of the children's afterschool activities on the monkey bar apparatus put defendants on notice children were engaging in activities involving a risk of serious bodily harm. This issue concerns subparagraphs (a) and (b) of §339 which seek a determination of the land possessor's knowledge of the presence of the trespassing children and realization the dangerous condition exists.

Another factual question to be resolved is whether the burden of defendants eliminating the dangerous condition by procuring protective ground coverings, which are manufactured for use beneath playground equipment, was slight as compared to the risk of children being injured by defendants maintaining the monkey bar apparatus in its present condition. This issue concerns subparagraph (d) of §339 which balances the utility of the possessor maintaining the condition and the burden of eliminating the danger, as compared to the risk of harm.

We find genuine issues of material fact exist. Such a holding defeats defendants' conclusion that no genuine issues of material fact remain to be determined and defendants are entitled to judgment as a matter of law.

Defendants rely heavily on Callahan v. Buttrey, 186 F.Supp, 715 (D.C.Mont. 1960), affirmed 300 F.2d 899 (9th Cir. 1962), for the proposition that whether the conditions of Restatement, Second, Torts §339 have been met is a question of law. We distinguish Callahan from the present case. In Callahan a seven year old boy was attempting to recover against landlords for

injuries sustained when the boy fell from a second story roof deck to asphalt paving below. The deck was protected by a guardrail which plaintiff alleged was negligently constructed. At the close of the evidence defendants moved for a directed verdict and were denied. The court submitted the case to the jury and when the jury failed to return a verdict, the jury was discharged. Defendants then moved the court for judgment in accordance with their motion for directed verdict previously made and denied. The motion was granted and judgment was entered for defendants.

After a careful review of Judge Jameson's opinion in Callahan, it is clear the presiding judge's concern at the time the jury failed to return a verdict was to review the sufficiency of the evidence in determining whether the motion for directed verdict had merit. In weighing the sufficiency of the evidence the court was sitting as the trier of fact as well as the trier of law. The concluding paragraph of the opinion supports the position that, had the jury been able to arrive at a verdict or had the trial judge seen fit to grant a new trial, questions of fact would have properly been determined by the jury and not by the judge:

> "I am unable to find that Joe's injury was proximately caused by the breach of any duty owed to him by the defendants. The motion for directed verdict accordingly must be granted. Prior to submission to the jury, it seemed advisable to defer a ruling on the legal questions herein discussed. Now that the jury has failed to agree, no useful purpose would be served by a retrial prior to final determination of the questions considered in this opinion. If my conclusions are erroneous and the appellate court should order a new trial, all issues may then be submitted to the jury in accordance with the views of the appellate court." 186 F.Supp. 715, 723.

Our evaluation of the significance of the United States District Court opinion is further supported by the United States Court of Appeals' comment on the district court opinion:

"In essence, the opinion held that under Montana law there was no evidence that the defendants breached a duty owing to Joe. The trial judge thought the facts did not lay the basis for liability either outside or within the attractive nuisance doctrine." 300 F.2d 899, 900.

Thus, we distinguish this federal case where the trial court ruled on the sufficiency of the evidence in deciding the merit of a motion for directed verdict and the instant case where the district court granted a motion for summary judgment when genuine issues of material fact remained to be decided and the moving party was not entitled to a judgment as a matter of law.

Therefore, the order and judgment of the district court is reversed and the cause is remanded for trial on the merits, consistent with this opinion.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices

. . . . . . . . . . . . . . . . . . . . . . .

Mr. Justice John Conway Harrison dissenting:

I dissent.

_____
Justice

- 11 -